UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH HOLSTON,

      Plaintiff,

v.                                                                          Case No. 04-72826

JOHN E. POTTER, POSTMASTER                      Honorable Patrick J. Duggan
GENERAL, UNITED STATES POSTAL
SERVICE,

      Defendant.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County of
Wayne, State of Michigan, on MAY 13, 2005.

PRESENT:      THE HONORABLE PATRICK J. DUGGAN
                        U.S. DISTRICT COURT JUDGE

On July 27, 2004, Plaintiff Deborah Holston, an employee of the United States Postal

Service, filed a two-count Complaint against Defendant John E. Potter, Postmaster General.

In her Complaint, Plaintiff alleges (I) handicap discrimination in violation of the

Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*, and (II) retaliation in violation of Title

VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-(16).  This matter is currently before

the Court on Defendant's Motion for Summary Judgment, filed March 14, 2005.  A hearing

was held on May 12, 2005.

## I.   Background

### A.   Plaintiff's Handicap

Plaintiff is a current employee of the United States Postal Service.  (Holston Dep. at 5). In 1997, Plaintiff began suffering from Carpal Tunnel Syndrome in her left hand.  (*Id.* at 10). Plaintiff was transferred to the light-duty unit where she was given restricted duty assignments, which required use of her right hand only.  (*See id.* at 12-13).  However, in mid-1999, she began to experience Carpal Tunnel Syndrome in her right hand.  (*Id.* at 20). Plaintiff alleges that "in spite of the fact that there were many light duty positions available, the Postal Service refused to even try to find her work."  (Compl. ¶ 15).

### B.   Plaintiff's EEO Complaint

On August 23, 1999, Plaintiff contacted the Equal Employment Opportunity (EEO) Office.  (Def.'s Mot. Ex. C).  A formal EEO complaint was executed on October 6, 2000, alleging that an act of discrimination had occurred on August 17, 1999 when she was not provided a job that would accommodate her medical restrictions.  (*Id.*).

On October 15, 2002, the Equal Employment Opportunity Commission (EEOC) issued a decision finding that Plaintiff was not discriminated against.  (*Id.*).  On October 23, 2002, the Postal Service issued a Notice of Final Action.  Plaintiff appealed to the EEOC Office of Federal Operations (OFO).

In a Decision dated March 10, 2004, the OFO found that a preponderance of the record evidence did not establish that discrimination occurred.  (Def.'s Mot. Ex. A, Holston Dep. Ex. 14).  The Decision further indicated: "You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that

2

you receive this decision." (*Id.* (emphasis in original)).[1]  The Certificate of Mailing states: I certify that this decision was mailed to the complainant's representative (if applicable), and the agency on: March 10, 2004." (*Id.*).

Plaintiff admits that she received the Decision (Holston Dep. at 54), however, Plaintiff's attorney contends that even though he was the attorney of record for the appeal, "a copy of the decision was not served on him . . . ." (Compl. ¶ 9).  This action was not filed until July 27, 2004.

## II.   Standard of Review

This Court will grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  No genuine issue of material fact exists for trial unless, by viewing the evidence in a light most favorable to the nonmoving party, a reasonable jury could return a verdict for that party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).  The moving party bears the burden of informing this Court of the basis for its motion and identifying those portions of the record that establish the absence of a material issue of fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986).

Once the moving party has met its burden, Rule 56(e) requires the nonmoving party to

---

[1] 42 U.S.C. § 2000e-16(c) provides that a civil action by an employee for redress of grievances must be brought "[w]ithin 90 days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a) of this section . . . ."

look beyond the pleadings and designate specific facts showing that a genuine issue exists for trial.  FED. R. CIV. P. 56(e); *Celotex*, 477 U.S. at 322-24, 106 S. Ct. at 2552-53.  It is not enough that the nonmoving party comes forward with the "mere existence of a scintilla of evidence . . . ," *Anderson*, 477 U.S. at 252, 106 S. Ct. at 2512, or some "metaphysical doubt as to the material facts."  *Matsishita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986).  Rather, the nonmoving party must present significant probative evidence in support of its opposition to the motion for summary judgment.  *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993).

## III.  Applicable Law and Analysis

In her Response to Defendant's Motion, Plaintiff withdraws her claim of retaliation. (Resp. ¶ 3).  Thus, Plaintiff's only remaining claim against Defendant is handicap discrimination in violation of the Rehabilitation Act.

Defendant contends that Plaintiff's action is untimely and should be dismissed. Plaintiff admits that her Complaint was untimely.  (Compl. ¶¶ 7-8).  Plaintiff contends, however, that equitable tolling applies.

The administrative prerequisites of Title VII and Rehabilitation Act claims are "subject to waiver, estoppel, and equitable tolling."  *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394, 102 S. Ct. 1127, 1133 (1982).  In general, federal courts only permit equitable tolling sparingly, for example, where a defendant's misconduct caused the plaintiff's noncompliance.  *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 111 S. Ct. 453, 458 (1990).

The Sixth Circuit Court of Appeals has identified the following factors to consider in

4

determining whether to apply equitable tolling: "1) lack of actual notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice of the defendant; and 5) the plaintiff's reasonableness [in] remaining ignorant of the particular legal requirement. *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998).

Applying the factors listed above to this case, the Court does not believe that equitable tolling should apply. Here, Plaintiff had actual notice of the filing requirement because she received the Decision, which set out the ninety day filing requirement. (Holston Dep. at 54). Plaintiff contends, however, that equitable tolling should apply because her attorney was not served with a copy of the decision. At issue is whether Plaintiff's receipt of the Decision amounts to actual notice where Plaintiff is represented by an attorney.

The Sixth Circuit has "flatly rejected the argument that a failure by the EEOC to copy counsel on a right-to-sue letter prevents the ninety-day period from running." *Ball v. Abbott Advertising*, 864 F.2d 419, 421 (6th Cir. 1988); *Banks v. Rockwell Int'l N. Am. Aircraft Operations*, 855 F.2d 324, 326-27 (6th Cir. 1988) ; *see also Davidson v. Serv. Corp. Int'l*, 943 F. Supp. 734, 739 (S.D. Tex. 1996) (finding that the EEOC's alleged failure to copy the plaintiff's attorney on its right to sue notice was an inadequate basis for equitable tolling of the ninety-day period for bringing a Title VII claim after receipt of notice).

Moreover, in both *Ball* and *Banks*, the plaintiffs never actually received the right to sue notice because they had moved without informing the EEOC of their new mailing addresses. *Ball*, 864 F.2d at 421; *Banks*, 855 F.2d at 326-27. In contrast, in this case, Plaintiff did actually receive the notice. (Holston Dep. at 54). Therefore, the Court will not apply

equitable tolling.

Alternatively, even if the Court were to apply equitable tolling to make Plaintiff's Complaint timely, Plaintiff cannot establish a prima facie case of handicap discrimination. To make out a claim under the Rehabilitation Act, Plaintiff must establish that: (1) she is a disabled person under the Act; (2) she is otherwise qualified for the job; and (3) she was denied a reasonable accommodation solely by virtue of her disability. *See Peltier v. United States*, 388 F.3d 984, 989 (6th Cir. 2004).

In this case, Plaintiff has failed to establish that she was denied a reasonable accommodation. After Plaintiff was given a fitness examination, it was determined that Plaintiff could "sort mail as long as she avoids repetitive heavy pulling, pushing, or lifting more than 15 to 20 lbs. on recurrent basis." (Def.'s Mot. Ex. B). Plaintiff was told to return to work. Plaintiff chose not to return to work because she was still under medical restrictions. (Holston Dep. at 39, Dep. Ex. 13). According to Plaintiff's manager, Enrica G. Piccirilli-Di Vico, "Ms. Holston would have been accommodated with her restrictions and those restrictions would have been honored, and Ms. Holston would have been allowed in her bid job assignment within her restrictions." (Def.'s Mot. Ex. B).

Plaintiff contends that there were four vacant positions that she was able to perform, and that Defendant refused to allow her to work at any of them. However, based on the information available to Defendant at the time Plaintiff was asked to return to work, Plaintiff was able to perform her bid job with restrictions. Therefore, the Court does not believe that Plaintiff has shown that she was denied reasonable accommodation.

Accordingly,

6

**IT IS ORDERED** that Defendant's Motion for Summary Judgment is  **GRANTED**

and Plaintiff's Complaint is **DISMISSED**.


s/Patrick J. Duggan
Patrick J. Duggan
United States District Judge

Dated:  May 13, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 13, 2005, by electronic and/or ordinary mail.

s/Marilyn Orem
Case Manager